[871 NYS2d 286]

# In the Matter of DOROTHY BARATTA, an Attorney, Resignor.

Second Department, December 30, 2008

## APPEARANCES OF COUNSEL

*Hinshaw & Culbertson, LLP*, New York City (*Richard Supple* of counsel), for resignor.

*Diana Maxfield Kearse*, Brooklyn (*Colette M. Landers* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

### OPINION OF THE COURT

Per Curiam.

Dorothy Baratta has submitted an affidavit dated July 17,

2008, wherein she tenders her resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Ms. Baratta was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 24, 1981.

Ms. Baratta avers that her resignation is freely and voluntarily tendered and that she is not being subjected to coercion or duress. She is represented by counsel and is fully aware of the implications of submitting a resignation. Ms. Baratta is aware that the Grievance Committee for the Second and Eleventh Judicial Districts (hereinafter the Grievance Committee) is investigating a complaint of professional misconduct by Joseph Romano alleging that in the course of a real estate transaction, she used money belonging to him without permission or authority while serving as escrow agent for him, Darren Pizzolo, and her brother, Jeff Baratta. The resignor acknowledges that if charges were brought against her predicated upon such misconduct, she could not successfully defend herself on the merits. Ms. Baratta asks the Court to note that prior to 1995, she enjoyed good fortune in her private and business life. Thereafter, her husband became ill and required numerous operations, her daughter was diagnosed with cystic fibrosis, and she became "overstretched beyond [her] capacity." The resignor's problems were compounded by the tragedy on September 11, 2001, when her business and family were displaced from Battery Park City. In addition, her business in Florida suffered financial harm during the 2005 hurricane season. At that time, her father died of lung cancer, her sister was diagnosed with multiple sclerosis, and her husband was diagnosed with terminal liver cancer.

Ms. Baratta emphasizes that she never intended to permanently deprive Mr. Romano of funds that rightfully belong to him, and she hopes to be able to restore his funds in the near future.

Ms. Baratta acknowledges that the Grievance Committee may apply for an order directing restitution or reimbursement to the Lawyers' Fund for Client Protection. She acknowledges the Court's jurisdiction to render such an order, recognizes that such an order may be entered as a civil judgment, and waives any opposition thereto.

The Grievance Committee supports acceptance of Ms. Baratta's resignation.

Inasmuch as the proffered resignation complies with all pertinent court rules, it is accepted, and effective immediately,

Dorothy Baratta is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and BELEN, JJ., concur.

Ordered that the resignation of Dorothy Baratta, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Dorothy Baratta is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Dorothy Baratta shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Dorothy Baratta is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Dorothy Baratta has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).